1   **McDERMOTT WILL & EMERY LLP**
    JAMES L. SANDERS (Bar No. 126291)
2   BRANDON J. ROKER (Bar No. 205292)
    2049 Century Park East, 34th Floor
3   Los Angeles, CA 90067-3208
    Telephone:   310.277.4110
4   Facsimile:   310.277.4730

5   Attorneys for Defendant ROBERT D. MANZA

6   and

7   **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
       A Limited Liability Partnership
8      Including Professional Corporations
    ROBERT D. ROSE (Bar No. 62559)
9   FRANK J. POLEK (Bar No. 167852)
    501 West Broadway, 19th Floor
10  San Diego, California 92101-3598
    Telephone:   619-338-6500
11  Facsimile:   619-234-3815

12  Attorneys for Defendant JOHN J. TODD

13

14              UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 03-CV-02230 BEN (WMc) |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE REQUESTING AN ORDER PRECLUDING REFERENCES TO (1) GATEWAY'S SETTLEMENT AND (2) JEFFREY WEITZEN'S FORMER STATUS AS A DEFENDANT** |
| v. | |
| JOHN J. TODD, ROBERT D. MANZA, and JEFFREY WEITZEN, | |
| Defendants. | **Pretrial Conf:** October 16, 2006 |
| | **Time:** 10:30 a.m. |
| | **Place:** Courtroom of the Honorable Roger T. Benitez |

28

LAS99 1469083-1.066530.0011

FILED

06 SEP -5 PM 4: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES



1    Defendants John J. Todd and Robert D. Manza (together, the "Defendants") hereby

2    respectfully submit this motion in limine requesting an order from the Court instructing the

3    Securities and Exchange Commission ("Plaintiff" or "SEC") that it may not, at any time during

4    the trial proceedings in this matter, refer to the fact that (1) Gateway reached a settlement with the

5    SEC with respect to any issues that are, or were, part of this action, or that (2) Jeffrey Weitzen

6    was previously a defendant in this action.[1]

7    There is little or no relevance to the fact that Gateway previously settled with Plaintiff, as

8    emphasized by the Court in its Order dismissing Weitzen from this action, because Gateway

9    settled with the SEC "without admitting or denying the findings" of the Plaintiff.[2]  Likewise, the

10   fact that Weitzen was formerly a defendant in this action is similarly irrelevant.  Moreover, even

11   if the information did have some limited relevance, an order excluding the information is

12   nevertheless appropriate because, pursuant to Federal Rule of Evidence 403, "[a]lthough relevant,

13   evidence may be excluded if its probative value is substantially outweighed by the danger of

14   unfair prejudice, confusion of the issues, or misleading the jury . . .."  Here, references to the

15   Gateway settlement or Weitzen's former status as a defendant will likely lead to jury confusion

16   and may have a prejudicial effect on Defendants without having any countervailing probative

17   value.

18   References to Gateway's settlement and Weitzen's former status clearly may unfairly

19   prejudice jurors against Defendants or, at a minimum, simply confuse them.  The fact that

20   Gateway settled the matter may lead jurors, who are unfamiliar with the myriad reasons that a

21   large company like Gateway may choose to settle with the SEC rather than fighting a meritless

22   action, to incorrectly assume that Gateway settled the action because the company itself believed

23   that Defendants' actions were improper.  Similarly, any reference to the fact that Weitzen was

24   previously a defendant in this action will likely be prejudicial to defendants.  Indeed, if the

25   reference leaves unclear that Weitzen was dismissed from the case because Plaintiff could not

26   demonstrate the existence of even a single material triable issue of fact against Weitzen, jurors

27   [1]    The Limiting Instruction is necessary only if this action is ultimately tried before a jury.

28   [2]    Order Denying Plaintiff's Motion for Partial Summary Judgment Against Defendant Weitzen and Granting
Defendant Weitzen's Motion for Summary Judgment, at 12, dated May 30, 2006 (the "Weitzen Order").

DEFENDANTS' MOTION IN LIMINE REQUESTING ORDER PRECLUDING EVIDENCE

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    may incorrectly assume that Weitzen settled the action because he, and potentially others, had

2    done something improper.  Alternatively, if the method and manner of Weitzen's exit from this

3    action is made clear to the jury, jurors may erroneously believe that the fact that Defendants were

4    not similarly dismissed from the action indicates that Plaintiff's claims are meritorious.

5         There is no appropriate reason, much less any probative value, to referencing the

6    Gateway settlement or Weitzen's former status.  Indeed, the Court has already acknowledged in

7    the Weitzen Order that the order entering settlement between Plaintiff and Gateway was "the

8    result of a negotiated settlement," that "Gateway neither admits nor denies any of the allegations

9    in the order," and that the settlement, "on its face does not constitute an admission."  Weitzen

10   Order, at 12.  For all of those reasons, Plaintiff cannot establish that the Gateway settlement has

11   any probative value.  As to Weitzen's former status, if there is any relevance to it at all, it is that it

12   indicates Plaintiff brought an action against an individual that was so baseless, that it could not

13   even survive summary judgment.  While this fact may be helpful for Defendants, who would

14   argue that Plaintiff made this mistake not once, but three times, the information is simply not

15   probative of anything.  Moreover, as explained above, because, in whatever its form, the

16   information is subject to numerous different and potentially erroneous interpretations, the

17   likelihood of jury confusion also militates in favor of the information's exclusion.

18        For all the foregoing reasons, the Court should grant Defendants' request for an order

19   precluding the evidence.

20   Dated: September 5, 2006            **McDERMOTT WILL & EMERY LLP**
                                         JAMES L. SANDERS
21                                       BRANDON J. ROKER

22

23                                       By: _James T. Sanders_

24                                           James L. Sanders
                                             Attorneys for Defendant Robert D. Manza
25

26

27

28

LAS99 1469083-1.066530.0011                      -3-
DEFENDANTS' MOTION IN LIMINE REQUESTING ORDER PRECLUDING EVIDENCE

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: September 5, 2006

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
ROBERT D. ROSE
VINCENT BROWN

By: _____, for
  Robert D. Rose
  Attorneys for John J. Todd

DEFENDANTS' MOTION IN LIMINE REQUESTING ORDER PRECLUDING EVIDENCE