ORIGINAL

| | |
|---|---|
| McDERMOTT WILL & EMERY LLP<br>JAMES L. SANDERS (Bar No. 126291)<br>BRANDON J. ROKER (Bar No. 205292)<br>2049 Century Park East, 34th Floor<br>Los Angeles, CA 90067-3208<br>Telephone: 310.277.4110<br>Facsimile: 310.277.4730 | FILED<br>06 SEP -5 PM 4: 13<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY: _____ DEPUTY |

Attorneys for Defendant ROBERT D. MANZA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

"BY FAX"

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. TODD, ROBERT D. MANZA, and JEFFREY WEITZEN,<br><br>Defendants. | CASE NO. 03-CV-02230 BEN (WMc)<br><br>**DEFENDANT ROBERT MANZA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING NEW CLAIMS CONTAINED IN THE PROPOSED PRETRIAL ORDER; DECLARATION OF JAMES L. SANDERS**<br><br>Pretrial Conf: October 16, 2006<br>Time: 10:30 a.m.<br>Place: Courtroom of the Honorable Roger T. Benitez |

On August 28, 2006 pursuant to this Court's Order, the parties filed a Proposed Pretrial Order. By this pleading, defendant Robert Manza moves in limine to exclude evidence or argument at trial regarding certain claims by plaintiff contained in the proposed order.[1]

**Background Facts**

The Complaint in this case was filed on November 13, 2003. Manza's answer to the Complaint was filed on January 13, 2004. Discovery in this case ended on January 16, 2006.

During the almost three years that this case has been pending, plaintiff has never sought

---

[1]  Manza believes that the issues in this motion are properly raised by an objection to the Proposed Pretrial Order. Manza has separately filed such an objection. In the event this court determines that these issues are not properly raised by such an objection, Manza is simultaneously filing this Motion in Limine addressing the same issues.

LAS99 1470078-1.066530.0011

DEFENDANT ROBERT MANZA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING CERTAIN CLAIMS CONTAINED IN THE PROPOSED PRETRIAL ORDER; DECLARATION OF COUNSEL

leave to amend its pleadings to allege any new claims against Manza. Likewise, during the period while discovery in this matter was ongoing, Plaintiff never once provided Manza with any notice that it intended to add additional claims against him.

**The Proposed Pretrial Order**

Despite its failure to seek leave of court to amend its pleadings, and its failure to provide Manza with any notice that it intended to add additional claims against him, Plaintiff has, in fact, inserted such new claims in the Proposed Pretrial Order. Specifically, in a section of the Proposed Order captioned "Contested Facts According to Plaintiff," Plaintiff has alleged that Manza has liability for (1) the "ACS transaction"; (2) Gateway's first-time nondisclosure in 3Q 2000 of the numbers of PC units it sold, and (3) the failure to disclose the portion of Gateway's 3Q 2000 revenue that was "beyond the box" revenue rather than revenue from the sale of PC's (collectively, the "New Claims"). *See* Proposed Pretrial Order at pp. 5 - 6, ¶¶ 2, 5.

The New Claims against Manza that Plaintiff has included in the Proposed Pretrial Order with respect to the ACS transaction, the non-disclosure of units sold and the "beyond the box" revenues are not made against Manza anywhere in the Complaint. While the Complaint does contain allegations on these issues against John Todd and/or Jeffrey Weitzen, it expressly does not make such allegations against Manza. For example, on pages 13 – 14, under a heading that reads "Todd caused Gateway's financial results for the second quarter 2000 to be false and misleading," the Complaint contains allegations concerning Todd's alleged role in filing false information concerning the ACS transaction. Manza is not mentioned in those allegations. Likewise, on page 37 under a heading that reads "Todd and Weitzen also misrepresented the percentage of Gateway's third quarter income associated with PC sales," the Complaint makes allegations concerning the alleged failure to disclose the portion of revenue Gateway received from "beyond the box." Manza is not mentioned in those allegations. Finally, on page 37 under a heading that reads "Todd and Weitzen further misled investors by failing to disclose Gateway's third quarter unit sales data," the Complaint makes allegations concerning the failure to disclose PC unit sales data. Again, Manza is not mentioned in those allegations.

As detailed above, the Complaint does not contain any allegations against Manza on the three New Claims that Plaintiff has now attempted to insert in the Pretrial Order. Likewise, Plaintiff has never provided Manza with any notice that it intended to seek to impose liability on him based on these transactions.

In fact, the New Claims were raised by the Plaintiff not just at the eleventh hour, but at the eleventh hour and fifty-ninth minute. Indeed, as required by the Local Rules, Plaintiff circulated its draft Proposed Pretrial Order one week before the filing deadline, on August 14, 2006. *See* Declaration of James L. Sanders ("Sanders Decl."), at ¶ 4. The Plaintiff's August 14 draft did not raise any of the New Claims against Manza. Id. at ¶ 4. After defendants circulated their changes to the Plaintiff's August 14 draft, the parties stipulated to extend the filing deadline for the Proposed Pretrial Order by one week to August 28, 2006. Plaintiff circulated its next draft of the order on August 23, 2006 and circulated another draft on August 25, 2006. Id. at ¶¶ 5-6. The August 23 and 25, 2006 drafts, for the first time, added the ACS claim against Manza. Id. (Still, no mention of the "beyond the box" or "PC Units" claims.) Believing the addition of the ACS transaction to simply be an inadvertent error on Plaintiff's part, Manza removed the reference to the transaction in defendants' redline of the draft circulated later on August 25, 2006. Id. Finally, on August 28, 2006, at approximately 2:00 p.m., about two hours before the Court's filing deadline, Plaintiff sent its "final" version of the Proposed Pretrial Order which, for the first time, included the "beyond the box" and "PC Units" claims, and also returned to the draft the ACS claim. Id. at ¶7. The New Claims were clearly an afterthought for Plaintiff. As explained further below, Plaintiff's prejudicial afterthought should be rejected by the Court and Plaintiff should be barred from advancing these claims at trial.

### Legal Argument

Rule 15 of the Federal Rules of Civil Procedure dictates the procedure to be followed when new claims are added against an adverse party. The Rule provides that amendments can only be made with leave of court or by consent after a responsive pleading has been filed. Here, by inserting new contentions in the Proposed Pretrial Order, Plaintiff is effectively attempting to

amend its claims without either court permission or consent.

Even assuming, *arguendo*, that the Plaintiff had sought leave of court to amend its pleadings at this late date, the policy with respect to such "tardy" amendments would require the denial of Plaintiff's request. Here, the Plaintiff has failed to show "good cause" for the amendment. Even if such good cause exists, Plaintiff's delay in seeking to add these allegations has prejudiced Manza. Manza received no notice of this proposed amendment while discovery was ongoing. He was unable to conduct any discovery on these new allegations solely because of Plaintiff's delay. "Prejudice and undue delay are inherent in any amendment asserted after the close of discovery and after dispositive motions have been filed, briefed and decided." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 19990. *See also*, Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)(motion to amend on eve of discovery cutoff properly denied because it would require reopening discovery).

Here, there can be no legitimate justification for Plaintiff's attempt to insert the New Claims into the Proposed Pretrial Order. If Plaintiff wanted to make such allegations against Manza, it was required to seek leave of court before the discovery cut-off to amend its complaint – not to insert these new allegations for the first time into the final draft of the Proposed Pretrial Order. Manza would have conducted discovery on these issues if they had been timely raised. Plaintiff's actions have deprived him of that opportunity. Sanders Decl., ¶ 8.

Because Plaintiff did not seek leave to amend (and, indeed, because it would not have been granted), and because these allegations are not contained in the Complaint, Manza requests this Court to sustain his motion in limine and to exclude any evidence or argument at trial regarding these new claims.

Dated: September 5, 2006

McDERMOTT WILL & EMERY LLP
JAMES L. SANDERS
BRANDON J. ROKER

By: *[signature]*
James L. Sanders
Attorneys for Defendant Robert D. Manza

LAS99 1470078-1.066530.0011

-4-

DEFENDANT ROBERT MANZA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING CERTAIN CLAIMS CONTAINED IN THE PROPOSED PRETRIAL ORDER; DECLARATION OF COUNSEL

**PROOF OF SERVICE BY MAIL**
CCP §1013a CCP Revised 1/1/88
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 34th Floor, Los Angeles, California 90067-3208.

On September 5, 2006, I served the foregoing documents described as

DEFENDANT ROBERT MANZA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING NEW CLAIMS CONTAINED IN THE PROPOSED PRETRIAL ORDER; DECLARATION OF JAMES L. SANDERS

on the interested parties of record in the action by:

☒ placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐ placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows: document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

See Attached Service List

☒ **BY MAIL**

☐ I deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Firm City, Firm State in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 5, 2006, at Los Angeles, California.

Patricia DuPree           _/s/ Patricia DuPree_

LAS99 1470093-1.066530.0011                    PROOF OF SERVICE

# SERVICE LIST

Karen Matteson, Esq.
Keri Curtis Axel, Esq.
U.S. Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648

*Attorneys for Plaintiff*

Telephone: 323-965-3998
Facsimile: 323-965-3908

Robert D. Rose, Esq.
Sheppard Mullin Richter & Hampton LLC
501 West Broadway, 19th Floor
San Diego, CA 92101-3598

*Attorneys for Defendant John J. Todd*

Telephone: (619) 338-6661
Facsimile: (619) 234-3815