# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN J. TODD, ROBERT D. MANZA, and JEFFREY WEITZEN,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 03CV2230 BEN (WMc)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING DEFENDANT WEITZEN'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 143] |

　　　　Plaintiff Securities and Exchange Commission ("SEC") moves for relief from the Court's May 30, 2006 Order granting summary judgment to defendant Jeffrey Weitzen. Plaintiff also moves for clarification of that Order, regarding whether the Court's ruling applies to claims against Weitzen as a control person for Gateway's purported violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-13 thereunder.

　　　　The SEC brings its motion pursuant to both Local Civil Rule 7.1.i and Fed. R. Civ. P. 60(b). Local Civil Rule 7.1.i(2) provides that "except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, no motion or application for reconsideration shall be filed more than 30 days after the entry of the ruling, order or judgment sought to be reconsidered." The Court's Order was entered on May 30, 2006. The SEC filed its motion for reconsideration on July 6, 2006. The last day such a motion would have been timely under the local rules would have

been June 29, 2006.  The motion for reconsideration pursuant to Local Rule 7.1.i is therefore denied.

The SEC also moves for relief from the judgment under Fed. R. Civ. P. 60(b).  Rule 60(b) reads as follows:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Court finds there are two primary problems with the application of this Rule to the SEC's motion.  The first lies in the first sentence of the text of the rule - the word "final".  The Rule allows for relief from a "final judgment, order, or proceeding".  The Court's May 30, 2006 Order is not a final judgment, order, or proceeding.

Fed. R. Civ. P. 54(a) defines a judgment for purposes of the Federal Rules of Civil Procedure to include "a decree and any order from which an appeal lies."  Rule 54(b) further sets out that in a case with multiple parties and multiple claims, such as this one:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).  The Court has not directed separate entry of judgment pursuant to Rule 54(b), and the Court now clarifies that the concluding sentence of the May 30, 2006 Order was in no way intended to do so.  Therefore, there is currently no order from which an appeal would lie, which is how Rule 54(a) defines a judgment.  In the absence of a final judgment, Rule 60(b) does not apply.

The second problem with the application of Rule 60(b) to the SEC's motion is that the SEC's proposed basis for relief from the judgment does not fall under any of the six delineated grounds provided by the rule.  The SEC argues that the Court committed "clear legal error" and

1  therefore it is entitled to relief from the judgment. The six possible grounds for relief from the
2  judgment are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
3  evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or
4  discharged; or (6) any other reason justifying relief from the operation of the judgment. The first
5  five clearly have no bearing here. The only possible option is the sixth, "any other reason
6  justifying relief from the operation of the judgment."

7  While this final ground provided by the rule may appear to be a "catch-all", courts have
8  interpreted it far more stringently. The Supreme Court has cautioned that it "should only be
9  applied in 'extraordinary circumstances". *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.
10 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193 (1950)). The extraordinary
11 circumstances referred to in that case involved the party's discovery of the district court judge's
12 personal stake in the litigation and the need to reopen the litigation so that the judge could be
13 disqualified. Other cases have similarly applied the "extraordinary circumstances" standard for
14 relief under Rule 60(b)(6). *See e.g. Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097,
15 1103 (9th Cir. 2006) ("Rule is used sparingly as an equitable remedy to prevent manifest injustice
16 and is to be utilized only where extraordinary circumstances prevented a party from taking timely
17 action to prevent or correct an erroneous judgment.") (internal quotations and citations omitted);
18 *Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002) (gross negligence of
19 counsel constituted extraordinary circumstances sufficient for relief under Rule 60(b)(6))*; United*
20 *States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (Rule 60(b)(6) only to
21 be utilized under extraordinary circumstances). The SEC's belief that the Court's ruling is
22 incorrect does not qualify as the type of extraordinary circumstance which would entitle it to relief
23 under Rule 60(b)(6).

24 Finally, the SEC seeks clarification of the Court's ruling regarding its claims against
25 Weitzen as a control person for Gateway's purported violations of Section 13(a) of the Exchange
26 Act and Rules 12b-20 and 13a-13 thereunder. The Court's analysis of Weitzen's liability under
27 §20(a) in the May 30, 2006 Order applies to control person liability for all of Gateway's purported
28 violations of the securities laws. The Court therefore clarifies that it intended to grant summary

judgment to defendant Weitzen on all claims brought by the SEC under § 20(a).

**CONCLUSION**

For the reasons stated above, the Court denies Plaintiff SEC's Motion For Relief From the Court's May 30, 2006 Order Granting Defendant Weitzen's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: December 1, 2006

_____
Hon. Roger T. Benitez
United States District Judge