| | |
|---|---|
| 1 | RICHARD MARMARO, State Bar No. 91387 |
| 2 | JACK P. DICANIO, State Bar No. 138782 |
|   | STEPHEN HAYDON-KHAN, State Bar No. 193411 |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 300 S. Grand Avenue |
| 4 | Los Angeles, CA  90071 |
|   | Tel:  (213) 687-5000 |
| 5 | Fax:  (213) 687-5600 |

Attorneys for Defendant
Jeffrey Weitzen

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO.  03-CV-02230 BEN (WMc) |
| Plaintiff, | **STATUS REPORT** |
| v. | Date:      October 3, 2011 |
|   | Time:      10:30 a.m. |
| JOHN J. TODD, ROBERT D. MANZA, AND JEFFREY WEITZEN, | Judge:     Honorable Roger T. Benitez |
|   | Courtroom: 3 |
| Defendants. | |

CASE NO.  03-CV-02230 BEN                                                   DEFENDANT WEITZEN'S STATUS REPORT

Defendant Jeffrey Weitzen submits this status report in advance of the hearing scheduled in the above-captioned matter on October 3, 2011.

**Procedural Background**

1. In November 2003, the Securities and Exchange Commission filed the Complaint in this case against Defendants John Todd, Robert Manza, and Jeffrey Weitzen. The Complaint alleged that during 2000, Weitzen violated Section 10(b) of the Exchange Act and Rule 10b-5 by failing to disclose purportedly material information in Gateway Inc.'s ("Gateway") third quarter 2000 public disclosures as required by Regulation S-K § 229.303, specifically: (a) the increased risk in Gateway's consumer loan program; (b) the recognition of revenue resulting from a change in Gateway's contractual relationship with America Online, Inc. ("AOL"); (c) the recognition of revenue resulting from a transaction with Lockheed Martin ("Lockheed"); (d) a purported material softening in the consumer demand for personal computers; and (e) PC unit sales numbers for the quarter. The SEC further alleged that Weitzen made a materially false and misleading statement concerning the percentage of Gateway's operating income attributable to its "beyond-the-box" strategy. The Complaint also alleged that Weitzen was liable as a control person under Section 20(a) of the Exchange Act, and that he violated Exchange Act Rule 13b2-2 for purportedly lying to Gateway's auditors in connection with Gateway's Q3 2000 management representation letter. The SEC's Complaint contained several additional allegations that it made only against Defendants Todd and Manza.

2. After extensive discovery, in March 2006, the parties filed cross-motions for summary judgment. Weitzen moved for summary judgment on all claims. The SEC moved for summary judgment against Weitzen on its 10(b) and Rule 10b-5 claims regarding the AOL and Lockheed transactions and Gateway's high-risk consumer lending program, and on its Section 20(a) control person claim. This Court granted Weitzen's summary judgment motion in full, and denied the SEC's motion.

3. The SEC appealed the Court's grant of summary judgment only on its 10(b) and Rule 10b-5 claims regarding the failure to disclose the AOL and Lockheed transactions, its Section 20(a)

control person liability claim, and its Rule 13b2-2 claim for allegedly lying to Gateway's auditors. The SEC did not appeal this Court's rulings on any of its other claims against Weitzen.

### The Court of Appeals' Rulings

4. The Ninth Circuit Court of Appeals issued its opinion on June 23, 2011, making the following rulings:

   (a) Affirming this Court's grant of summary judgment on the SEC's 13b2-2 claim;

   (b) Reversing summary judgment on the SEC's Section 10(b) and Rule 10b-5 claims based on the AOL and Lockheed transactions, holding that there were genuine issues of material fact as to whether Weitzen made material representations regarding these transactions, and whether he acted with scienter; and

   (c) Reversing summary judgment on the SEC's Section 20(a) control person liability claim, holding that there were genuine issues of material fact as to whether Weitzen was a control person, and whether he indirectly induced fraud, precluding his good-faith defense to defeat summary judgment.

5. Accordingly, the only claims remaining before this Court on remand are the SEC's Section 10(b) and Rule 10b-5 claims based on the Lockheed and AOL transactions, and its Section 20(a) control person liability claim.

### Further Proceedings

6. The status report filed by Messrs. Todd and Manza requests that if the parties are unable to agree upon a mediation before Magistrate Judge William McCurine, that the court order a mandatory settlement conference. Weitzen joins in that request.

7. Weitzen requests that the Court schedule a hearing on a summary judgment motion to be based on new factual assertions and new positions taken by the SEC during the trial of Defendants Todd and Manza and in the SEC's trial-related briefing. Those factual assertions and positions are clearly inconsistent with what the SEC alleged in its Complaint, in its 2006 summary judgment papers, and on appeal, particularly with respect to Weitzen's knowledge of the transactions at issue

and his reliance on Gateway's internal and external review processes and its CFO John Todd.  For example:

    (a)    In its Complaint, the SEC alleged that Weitzen "knew that the [Lockheed] transaction was going to be booked as revenue, but did not object to the accounting treatment or disclose the impact of the transaction on Gateway's reported revenue." (Compl. ¶ 111.)  Similarly, in its summary judgment motion the SEC alleged that Weitzen "knew that: . . . Gateway was improperly recognizing $47.2 million as revenue from the sale to Lockheed of fixed assets . . . ." (SEC Motion for Partial Summary Judgment by Plaintiff Securities and Exchange Commission Against Defendant Jeffrey Weitzen, at 2.)

    (b)    Once Weitzen was out of the case, however, the SEC changed its position to shift full responsibility to Defendant Todd, arguing in its trial-related briefing that: "Todd also admitted that he did not tell Messrs. Waitt and Weitzen that Gateway was selling fixed assets to Lockheed; instead, Todd told them that Gateway was selling $47 million of IT equipment consisting of current items Gateway sold to other customers in country stores." (Docket 304 (SEC Opp. to Todd/Manza Motion for JNOV) at 25 n.20.)  And at trial, the SEC argued:  "[Todd] did call Mr. Weitzen, but it was clear from Mr. Weitzen's testimony on cross-examination that he really doesn't have any understanding of accounting, and that he relied on Mr. Todd to tell him the truth about accounting matters." (Trial Transcript, Vol. 12 (March 6, 2007) (SEC Closing Argument), at 2073.) These are but a few examples of instances in which the SEC has taken clearly inconsistent – indeed, contradictory – positions.

    8.    Having already reversed its position to gain an advantage in the prosecution of its case against Todd and Manza, the SEC should not be permitted to reverse its position again when pursuing its case against Weitzen.  Weitzen's new summary judgment motion will invoke the doctrine of judicial estoppel to dispose of claims based on the new facts and positions the SEC asserted at the trial, to which it should be bound. *See Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions,

precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."); *Wagner v. Professional Engineers in California Government*, 354 F.3d 1036, 1044 (9th Cir. 2004) (Judicial estoppel is "intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'").

9. The doctrine of judicial estoppel has particularly compelling application here since it is the government taking inconsistent positions. *See United States v. Blueford*, 312 F.3d 962, 968 (9th Cir. 2002) ("An attorney for the government is a 'representative not of an ordinary party to a controversy, but of a sovereignty whose obligation . . . is not that it shall win a case, but that justice shall be done.") (citation and quotation omitted); *United States v. Witmer*, 835 F. Supp. 208, 214-15 (M.D. Pa. 1993) ("A government lawyer in a civil action or administrative proceeding is held to a higher standard than a private lawyer, because government lawyers have the responsibility to seek justice, and should refrain from instituting or continuing litigation that is obviously unfair.") (internal quotations omitted). As government lawyers, the Staff are held to a higher standard than counsel for ordinary litigants, providing even more reason that they should be precluded from "playing fast and loose with the courts" or the facts in this case. *Wagner*, 354 F.3d at 1044.

10. Weitzen proposes that a hearing on his summary judgment motion be scheduled in approximately 90 days.

Dated: September 29, 2011            Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By: _____s/ Richard Marmaro_____

Richard Marmaro
Attorneys for Defendant
Jeffrey Weitzen

# PROOF OF SERVICE

I hereby certify, that I caused the foregoing to be filed with the Clerk of the Court by using the ECF system which sent notification of the filing to the following:

Vincent J Brown
vbrown@sheppardmullin.com,rpowers-jones@sheppardmullin.com

John C. Dineen
jdineen@sheppardmullin.com,pchavez@sheppardmullin.com

Karen L Matteson
mattesonk@sec.gov,cavallones@sec.gov,marcelom@sec.gov

Brandon Roker
broker@mwe.com,kkimura@mwe.com

Robert D Rose
rrose@sheppardmullin.com,rpowers-jones@sheppardmullin.com

James Sanders
jsanders@mwe.com,znahayewsky@mwe.com

By:    s/ Richard Marmaro

---

CASE NO.  03-CV-02230 BEN                    DEFENDANT WEITZEN'S STATUS REPORT

642581-Los Angeles Server 1A - MSW