KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:(323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>    vs.<br><br>JOHN J. TODD, ROBERT D. MANZA, and JEFFREY WEITZEN,<br><br>       Defendants. | Case No. 03 CV 2230 BEN (WMc)<br><br>**CONSENT OF DEFENDANT JOHN J. TODD** |

1.     Defendant John J. Todd ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rules 10b-5 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5 & 240.13b2-2, and aiding and abetting violations of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13;

(b) pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), prohibits Defendant for ten years from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

(c) orders Defendant to pay disgorgement in the amount of $165,000, plus prejudgment interest thereon in the amount of $138,162.24, totaling $303,162.24; and

(d) orders Defendant to pay a civil penalty in the amount of $110,000 under Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

3.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

1

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

2

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of

the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not

to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the Complaint or

creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission

may petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not

a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

3

1    reached a good faith settlement.

2        13.    Defendant agrees that the Commission may present the Final Judgment to the

3    Court for signature and entry without further notice.

4        14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

5    purpose of enforcing the terms of the Final Judgment.

6

7    Dated: 3/1/12                 _John J. Todd Jr_
                                     John J. Todd Jr

8    State of California
     County of SAN DIEGO

9

10   On MARCH 1, 2012 before me, ARNEL S PABLO NOTARY PUBLIC (here insert name and title of

11   the officer), personally appeared JOHN J. TODD, JR. , who proved to me on the
     basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within

12   instrument and acknowledged to me that he/she/they executed the same in his/her/their
     authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or

13   the entity upon behalf of which the person(s) acted, executed the instrument.

14

     I certify under PENALTY OF PERJURY under the laws of the State of California that the

15   foregoing paragraph is true and correct.

     WITNESS my hand and official seal.

16

17

18   Signature _____ (Seal)

ARNEL S. PABLO
Commission # 1928294
Notary Public - California
San Diego County
My Comm. Expires Apr 8, 2015

19

20   Approved as to form:

21

22

     Robert D. Rose, Esq.

23   Sheppard Mullin Richter & Hampton LLP
     501 West Broadway, 19th floor

24   San Diego, CA 92101-3598
     Telephone: (619) 338-6661

25   Attorneys for Defendant John J. Todd

26

27

28

4

# EXHIBIT 1

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE
    COMMISSION,

12              Plaintiff,

13        vs.

14  JOHN J. TODD, ROBERT D. MANZA, and
    JEFFREY WEITZEN,

15

16              Defendants.

Case No. 03 CV 2230 BEN (WMc)

**FINAL JUDGMENT AS TO DEFENDANT
JOHN J. TODD**

17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1 Page 1

03 CV 2230 BEN (WMc)

1    The Securities and Exchange Commission having filed a Complaint and Defendant John

2    J. Todd having entered a general appearance; consented to the Court's jurisdiction over

3    Defendant and the subject matter of this action; consented to entry of this Final Judgment

4    without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

5    findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

6                                          **I.**

7         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and

8    Defendant's agents, servants, employees, attorneys, and all persons in active concert or

9    participation with them who receive actual notice of this Final Judgment by personal service or

10   otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

11   10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and

12   Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or

13   instrumentality of interstate commerce, or of the mails, or of any facility of any national

14   securities exchange, in connection with the purchase or sale of any security:

15         (a)    to employ any device, scheme, or artifice to defraud;

16         (b)    to make any untrue statement of a material fact or to omit to state a material fact

17                necessary in order to make the statements made, in the light of the circumstances

18                under which they were made, not misleading; or

19         (c)    to engage in any act, practice, or course of business which operates or would

20                operate as a fraud or deceit upon any person.

21                                         **II.**

22         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

23   Defendant's agents, servants, employees, attorneys, and all persons in active concert or

24   participation with them who receive actual notice of this Final Judgment by personal service or

25   otherwise are permanently restrained and enjoined from aiding and abetting any violation of

26   Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13

27   thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing

28   substantial assistance to any issuer that files annual reports with the Commission on Forms 10-K

1 and quarterly reports with the Commission on Forms 10-Q that fail to contain such further

2 material information as may be necessary to make the required statements, in the light of the

3 circumstances under which they are made, not misleading.

**III.**

5 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

6 Defendant's agents, servants, employees, attorneys, and all persons in active concert or

7 participation with any of them who receive actual notice of this Final Judgment by personal

8 service or otherwise are permanently restrained and enjoined from violating, directly or

9 indirectly, Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, while an officer or director

10 of an issuer by:

11     A.    making or causing to be made a materially false or misleading statement; or

12     B.    omitting to state, or causing another person to omit to state, any material fact

13     necessary in order to make statements made, in light of the circumstances under

14     which such statements are made, not misleading;

15 to an accountant in connection with:

16     1.    any audit, review or examination of the financial statements of the issuer

17     required to be made, or

18     2.    the preparation or filing of any document or report required to be filed

19     with the Commission.

**IV.**

21 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section

22 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited for ten years

23 following the date of entry of this Final Judgment, from acting as an officer or director of any

24 issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15

25 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15

26 U.S.C. § 78o(d).

**V.**

28 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for

1  disgorgement of $165,000, representing profits gained as a result of the conduct alleged in the

2  Complaint, together with prejudgment interest thereon in the amount of $138,162.24, and a civil

3  penalty in the amount of $110,000 pursuant to Section 21(d)(3) of the Exchange Act.  Defendant

4  shall satisfy this obligation by paying $413,162.24 within 30 days after entry of this Final

5  Judgment by certified check, bank cashier's check, or United States postal money order payable

6  to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the

7  Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop

8  6042, Washington DC 20549, and shall be accompanied by a letter identifying John J. Todd as a

9  defendant in this action; setting forth the title and civil action number of this action and the name

10  of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant

11  shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The

12  Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**VI.**

14      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is

15  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

16  shall comply with all of the undertakings and agreements set forth therein.

**VII.**

18      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain

19  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VIII.**

21      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just

22  reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is

23  ordered to enter this Final Judgment forthwith and without further notice.

25  DATED:                                    _____
                                              HONORABLE ROGER T. BENITEZ
26                                            UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th
       Floor, Los Angeles, California 90036-3648
       Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On April 5, 2012, I caused to be served the document entitled **CONSENT OF DEFENDANT
JOHN J. TODD** upon the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and
       mailing today following ordinary business practices.  I am readily familiar with this
       agency's practice for collection and processing of correspondence for mailing; such
       correspondence would be deposited with the U.S. Postal Service on the same day in the
       ordinary course of business.

    [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I
        personally deposited with the U.S. Postal Service.  Each such envelope was
        deposited with the U.S. Postal Service at Los Angeles, California, with first class
        postage thereon fully prepaid.

    [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly
        maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles,
        California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of
       the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United
       Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a
       facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles,
       California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the
       electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF
       system, which effects electronic service on counsel who are registered with the CM/ECF
       system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was
       reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.


Date: April 5, 2012                                    /s/ Karen Matteson
                                                        Karen Matteson

03-CV-02230 BEN (WMc)

**SEC v. JOHN J. TODD, et al.**
**United States District Court - Southern District of California**
**Case No. 03-CV-02230 BEN (WMc)**
**(LA-2436)**

<u>SERVICE LIST</u>

Robert D. Rose, Esq. **(served via CM/ECF only)**
Frank J. Polek, Esq. **(served via CM/ECF only)**
Sheppard Mullin Richter & Hampton LLC
501 West Broadway, Nineteenth Floor
San Diego, CA 92101-3598
Email: rrose@sheppardmullin.com
*Attorney for Defendant John J. Todd*

James L. Sanders, Esq. **(served via CM/ECF only)**
Reed Smith LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Email: jsanders@reedsmith.com
*Attorney for Defendant Robert D. Manza*

Richard Marmaro, Esq. **(served via CM/ECF only)**
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
Email: rmarmaro@skadden.com
*Attorney for Defendant Jeffrey Weitzen*